**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CORNELIUS PITTMAN                                                                                           PLAINTIFF

v.                                              4:15CV00114-BRW-JTK

DOC HOLLADAY, et al.                                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-

testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.    Introduction

Plaintiff Cornelius Pittman filed this pro se action pursuant to 42 U.S.C. § 1983, alleging inadequate medical care and treatment while he was incarcerated at the Pulaski County Regional Detention Facility (Jail) in 2014 (Doc. No. 2).[1]  Plaintiff asks for monetary and injunctive relief.

Defendants Holladay, Haynes, Silvester, and Paxton were dismissed from this action on April 24, 2015 (Doc. No. 11).  Currently pending before the Court is the Motion for Summary Judgment,

Brief in Support, and Statement of Facts, filed by remaining Defendants Carol McGee and Catherine Smith (Doc. Nos. 20-22).  Plaintiff did not respond, and by Order dated January 4, 2016, this Court cautioned Plaintiff that his failure to respond to the Motion within fifteen days of the date of the Order would result in either all the facts set forth in the Motion being deemed admitted by him, or dismissal of the action, without prejudice, for failure to prosecute  (Doc. No. 23).  Plaintiff responded by requesting copies of the documents filed by Defendants, and an extension of time in which to respond to the Motion (Doc. No. 24).  The Court granted Plaintiff's Motion, and directed him to respond by February 15, 2016 (Doc. No. 25).  As of this date, however, Plaintiff has not

---

[1] Plaintiff notified the Court of his release from incarceration on January 25, 2016 (Doc. No. 24).

responded to the Motion.

**II.     Amended Complaint**

Plaintiff alleged that "each of the defendants has failed neglected and refused to provide adequate medical and dental care to Plaintiff...." (Doc. No. 5, p. 5) Specifically, he alleged that Defendant McGee "took months to prescribe my mental medication and also she refused to prescribe me the medication I was taking in the free world." (Id.) And, Defendant Smith lied about Plaintiff "dropping" a sick call slip about flu-like symptoms in January, 2014. (Id.) As a result, Plaintiff claims he was never seen to be evaluated and referred to the clinic. (Id.)

**III.    Summary Judgment**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed

by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

### A.   Official Capacity

The Court agrees with Defendants that Plaintiff's monetary claims against them in their official capacities should be dismissed, because he did not allege that their actions were taken pursuant to an unconstitutional policy, practice, or custom, or any widespread pattern of unconstitutional conduct. A suit against a county official in his official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). Absent such an allegation, or a response from Plaintiff, the Court finds the monetary claims against Defendants in their official capacities should be dismissed.

### B.   Individual Capacity

Defendants also ask the Court to dismiss Plaintiff's claims against them in their individual capacities, based on qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir.

2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

According to the affidavit of Lesa Warner, Legal/Administrative Deputy at the Jail, Plaintiff was booked into the Jail on June 18, 2014, on charges of probation revocation, capital murder, misdemeanor commitment, possession of firearms, and manslaughter. (Doc. No. 21-1) James Pratt, the Health Services Administrator at the Jail, also submitted an affidavit after reviewing Plaintiff's medical records. (Doc. No. 21-2) According to Pratt, Plaintiff 's medical history and screening form indicated that he was diagnosed with bipolar disorder at Madden Mental Health Facility in Chicago, Illinois. (Id., pp. 2, 7) Plaintiff also indicated that he could not remember the name of the medication he took prior to his arrest and incarceration, but that the last dose of psycho tropic medication he took was on May 31, 2014. (Id.)

---

[2] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

Once Plaintiff was booked into the Jail, he filed a sick call on June 22, 2014, requesting that he receive medication for his bipolar condition. (Id., pp. 2, 9) A nurse saw him on June 26, 2014 and Plaintiff reported a history of bipolar disorder, depression and drug use. (Id., pp. 2, 10) Plaintiff was seen again on July 1, 2014, and treated for a spider bite on his right calf. (Id., pp. 3, 11) On July 3, 2014, Plaintiff was seen by Dr. Natalie Brush-Strode for a psychiatric evaluation. (Id., pp. 3, 13) Plaintiff told Dr. Brush-Strode of his history of mental illness since age 12 and that he took Depakote and another medication prior to his incarceration at the Jail. (Id.) Dr. Brush-Strode then prescribed Plaintiff Depakote based on the fact that Plaintiff recently took the medication and that it would help with irritability. (Id., pp. 3, 14) Dr. Brush-Strode saw Plaintiff again on August 28, 2014, and continued his Depakote prescription for mood stabilization. (Id., pp. 4, 15) Although Plaintiff also took Risperdal before his incarceration, he reported to the doctor at that time that the Depakote medication was effective and he was "doing good." (Id.)

On November 9, 2014, Plaintiff filed a sick call, complaining that his body had become immune to the Depakote, and requesting a medication change. (Id., pp. 4, 16) The medical department's response was that Plaintiff was scheduled to see Dr. Brush-Strode on November 20, 2014. (Id.) At that time, Dr. Brush-Strode reported that Plaintiff stopped taking his medication due to ineffectiveness, and that Plaintiff demanded that the doctor change his prescription to that of Risperdal. (Id., pp. 4, 17) Plaintiff became verbally aggressive when Dr. Brush-Strode told him that it was not clinically indicated that he needed Risperdal, because his behavior was due to Axis II pathology and he would benefit from the mood stabilizing effect of Depakote. (Id., pp. 4-5, 17)

Although Plaintiff alleged in his Amended Complaint that Nurse McGee took months to prescribe his mental health medication, Pratt states in his affidavit that McGee is not licensed to prescribe medication. (Id., p. 5) In addition, although Plaintiff filed a sick call on January 19, 2015,

6

alleging throat, back, and lung pain and a cough, he refused medical attention on January 23, 2015. (Id., pp. 5, 18) On January 25, 2015, Plaintiff was directed to file a sick call form to request mental health treatment. (Id., pp. 5, 19) A review of his chart at that time also showed that he had been seen by Dr. Brush-Strode on November 20, 2014, and was scheduled to return to the clinic ninety days after that date. (Id.)

Plaintiff filed a sick call on January 25, 2015, complaining about a painful bump in his ear, and the issue was resolved on February 9, 2015. (Id., pp. 5, 20) Dr. Brush-Strode saw Plaintiff again on February 12, 2015, at which time Plaintiff reported he was not taking Depakote and suffered no signs of depression, anxiety, mania, hypomania, or psychosis. (Id., pp. 6, 21) Based on his statements, Dr. Brush-Strode found no indication for need of psychopharmacological intervention, and discontinued Plaintiff's Depakote prescription on February 12, 2015. (Id., pp. 6, 22)

In light of the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendants, the Court hereby finds that the facts set forth by Defendants (Doc. No. 21) are undisputed for purposes of the Motion, and recommends that summary judgment be granted as a matter of law. See FED.R.CIV.P. 56(e)(2), (3). Since Plaintiff was a pretrial detainee at the time of his incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1979). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff must allege and prove that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06

(1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

In this particular case, Defendants provide medical records to show that Plaintiff was treated on several occasions for his medical and mental health requests/needs. The evidence also refutes Plaintiff's claim that Defendant McGee refused to prescribe him mental health medication, because she was not authorized to prescribe medication. Plaintiff also provides no evidence that McGee failed to timely dispense the medication prescribed to him, or that her actions were deliberately indifferent to his medical needs. With respect to his allegations against Defendant Smith, Plaintiff provides no evidence to show that she ignored his sick call slips. His records show that he filed several sick call forms and that treatment was provided in response to those forms. In addition, on

at least one occasion, he refused treatment which was scheduled in response to a sick call request. (Doc. No. 21-2, p. 18) If Plaintiff complains about a delay in medical treatment, he provides no proof that Defendants McGee or Smith caused the delay or that he suffered harm as a result. Finally, any allegations based on a disagreement over the type of medical treatment he received, fail to support a constitutional claim. Long v. Nix, 86 F.3d at 765. Therefore, absent additional facts or evidence from Plaintiff to show otherwise, the Court finds that Defendants acted reasonably under the circumstances, and that no reasonable fact finder could find that the facts as alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

**IV.   Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 20) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 25th day of February, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE